# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL SESSION, 1998

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| Samuel Lee Talley, | ) | C.C.A. NO. 03C01-9702-CR-00063 |
| Appellant, | ) | |
| | ) | |
| | ) | Hamilton COUNTY |
| VS. | ) | |
| | ) | Hon. Stephen M. Bevil. JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (Post Conviction - Sentencing) |

FOR THE APPELLANT:

SAMUEL LEE TALLEY
W.T.H.S.F.
P. O. Box 1050
Henning, TN  38041-1050

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SANDY C. PATRICK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0943

BILL COX
District Attorney General
600 Market Street
Chattanooga, TN  37402-1972

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

In this appeal of the summary dismissal of his post-conviction petition Appellant, Samuel Lee Talley, asks this Court to review the validity of his conviction entered on July 17, 1991. Appellant was found guilty of the offense of especially aggravated robbery. The court fixed his sentence at twenty-five years in the Department of Correction as a Range I Standard Offender.

Appellant argues that the trial court improperly dismissed his petition for post conviction relief as being outside the statute of limitations period. Appellant was convicted in 1991; he did not file for post conviction relief until 1996. At the time petitioner pled guilty, he had three years in which to file a petition for post conviction relief. He failed to do so. In 1995, the legislature repealed the former Post-Conviction Procedure Act; the new act, which governs this petition, replaced the three year statute of limitations with a one year statute. Tenn. Code. Ann. § 49-30-201 Compiler's Notes; Tenn. Code Ann. § 40-30-202. Thus, Petitioner had until May 10, 1996 to file his petition for relief. His petition filed July 1, 1996, was not timely filed. Under Tennessee Code Annotated § 40-30-202(a), Courts have jurisdiction to consider late petitions only if the claim is based on a previously unrecognized constitutional right, new scientific evidence establishes the petitioner's innocence, or the sentence was enhanced because of a pervious conviction which was subsequently invalidated. Appellant's petition does not fall into any of these categories. Thus the petition for post-conviction relief was properly dismissed.

Accordingly, the judgment of the trial court is affirmed in all respects pursuant to Rule 20, Rules of the Court of Criminal Appeals.

Because it appears to the Court that Appellant, Samuel Lee Talley, is indigent, costs will be paid by the State.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
CURWOOD WITT, JUDGE